UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO.: 1:10CV-26-M

LESA G. BRIDGES                                             PLAINTIFF

v.

ALLEN COUNTY KENTUCKY, et al.                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendants, Allen County, Kentucky and Bobby N. Young, to dismiss [DN 1]. Fully briefed, this motion is ripe for decision.

### I. BACKGROUND

In her complaint, the plaintiff, Lesa G. Bridges, asserts various federal and state constitutional, statutory, and common-law claims against the defendants. In particular, she alleges that her employment with various government agencies was terminated on January 13, 2009. Subsequent to her termination, she alleges that certain defendants "intentionally published slanderous statements about the Plaintiff, Ms. Bridges, imputing to her conduct constituting a criminal offense punishable by imprisonment in a State or Federal institution, that is, that she had been terminated from her employment due to theft or embezzlement of funds." (Compl. ¶ 21.) She contends that she was discriminated against based upon her race and deprived of a liberty interest in violation of the Federal and Kentucky Constitutions. She seeks damages under 42 U.S.C. § 1983 and the Kentucky Civil Rights Act (KCRA). She has also

asserted claims for defamation, intentional infliction of emotional distress, and vicarious liability.

## II. MOTION TO DISMISS STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 1950 (internal markings omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ALLEN COUNTY

Allen County makes three arguments in support of its motion to dismiss. First, it notes that no specific allegations have been made against the County and, therefore, it is not a

properly named party. The Court finds that this argument is simply without merit. A municipality can be liable under 42 U.S.C. § 1983 if a municipal policy or custom was the "moving force" behind the plaintiff's constitutional deprivation. Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). Here, the plaintiff alleges that Sam Carter, the Allen County Sheriff, and others discriminated against her based upon her race pursuant to a "general policy and practice of discrimination . . . ." (Compl. ¶ 25.) More specifically, she alleges that the constitutional deprivations "arose from customs, policies and practices of the Allen County Sheriff's Department." (Compl. ¶ 59.) These allegations are sufficient to state a claim against Allen County.

Second, Allen County also argues that the claims should be dismissed as they are barred by sovereign immunity. The Court agrees that some of the claims asserted against Allen County are barred by this doctrine. In Lexington-Fayette Urban County Gov't v. Smolcic, 142 S.W.3d 128 (Ky. 2004), the Kentucky Supreme Court held that "Kentucky counties are cloaked with sovereign immunity," Id. at 132 (citing Monroe County v. Rouse, 274 S.W.2d 477, 478 (Ky. 1955)), and "enjoy the same immunity as the state itself," Comair, Inc. v. Lexington-Fayette Urban County Airport Corp., 295 S.W.3d 91, 94 (Ky. 2009) (citation omitted). This includes immunity from common law tort claims. Wardle v. Lexington-Fayette Urban County Govt., No. 2005-CA-001296-MR, 2006 WL 2788951, at *4 (Ky. Ct. App. Sept. 29, 2006). Therefore, such tort claims asserted against Allen County must be dismissed. Nevertheless, claims asserted against Allen County under the KCRA are not barred by the doctrine of sovereign immunity as such immunity has been waived by the Commonwealth. In Department of Corrections v. Furr,

3

23 S.W.3d 615 (Ky. 2000), the Kentucky Supreme Court held that the legislature, in enacting the KCRA, waived sovereign immunity for "the state, any of its political or civil subdivisions or agencies." Id. at 617 (citing KRS 344.010(1)). Subsequently, the same court held that pursuant to Furr, county boards of education, as agencies of the Commonwealth, may be sued under the KCRA. Ammerman v. Bd. of Educ. of Nicholas County, 30 S.W.3d 793, 797 (Ky. 2000). It follows, then, that sovereign immunity has also been waived for "[c]ounties, which . . . are considered direct political subdivisions of [the state] . . . ." Comair, Inc., 295 S.W.3d at 94. Additionally, Bridges' § 1983 claims asserted against Allen County are not barred by this doctrine because "a state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted." Felder v. Casey, 487 U.S. 131, 139 (1988) (citation omitted). And as a local unit of government, Allen County is subject to suit under § 1983. See Alkire v. Irving, 330 F.3d 802, 811 (6th Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

Lastly, Allen County argues that all claims asserted against it should be dismissed to the extent the plaintiff seeks to impose respondeat superior liability upon the County. It does not identify which claims or allegations it seeks to dismiss. And as the Court has already noted, the plaintiff has stated a valid claim for municipal liability under § 1983 by alleging that she was deprived of a constitutional right as a result of a municipal policy or custom. To the extent the plaintiff is unable to identify such a policy or custom, Allen County may raise this argument again upon a motion for summary judgment.

4

## IV. BOBBY YOUNG

Bobby Young argues that the claims asserted against him in both his individual and official capacities should be dismissed. Here, Bridges' claim against Young in his official capacity is actually a claim against the local government he represents–Allen County. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Mich. Dept. of State Police, 491 U.S. 58, 68 (1989)). And as Bridges has also asserted a claim against Allen County, this official capacity claim is merely duplicative. Under such circumstances, courts "[i]n the Eastern and Western Districts of Kentucky . . . have adopted the practical approach of dismissing the official capacity claims." Baar v. Jefferson County Bd. of Educ., --- F. Supp. 2d ----, 2010 WL 670166, at *3 (W.D. Ky. Feb. 19, 2010) (citing Clark v. Kentucky, 229 F. Supp. 2d 718, 721-22 (E.D. Ky. 2002)). The Court will do so here.

The Court will also dismiss the individual capacity claims asserted against Young. The only allegation of Young's involvement in this matter is that he had "supervisory responsibilities over Defendant, Sheriff Sam Carter . . . ." (Compl. ¶ 59.) This does not sufficiently state a claim upon which relief can be granted under § 1983 which requires allegations that the supervisor "actively engaged in unconstitutional behavior." Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006) (citation omitted). "[L]iability must lie upon more than a mere right to control employees . . . ." Id. Furthermore, to the extent that Bridges seeks to hold Young in his individual capacity vicariously liable for state law torts, the claim fails "because public officers are responsible only for their own misfeasance and negligence, not for acts of those employed by them if they have employed persons of suitable skill." M.W.

5

ex rel. T.W. v. Madison County Bd. of Educ., 262 F. Supp. 2d 737, 746 & n.6 (E.D. Ky. 2003) (dismissing claims against a supervisor where "[t]here [were] no claims sounding in negligent hiring.") (citation omitted). Like M.W., here, there are no claims against Young sounding in negligent hiring, only vicarious liability. Therefore, this sole claim against him must be dismissed.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that with respect to the motion by the defendants, Allen County, Kentucky and Bobby N. Young, to dismiss [DN 1], the motion as to Bobby N. Young is **GRANTED** and as to Allen County, Kentucky it is **GRANTED in part** and **DENIED in part**. It is denied with respect to claims arising under the Kentucky Civil Rights Act and 42 U.S.C. § 1983. It is granted in all other respects.


cc: Counsel of Record